# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RAYMON LEVI HUNTER,**

    **Plaintiff,**

    v.                                  CASE NO. 17-3121-SAC-DJW

**RENO COUNTY SHERIFF'S OFFICE, et al.,**

    **Defendants.**

## O R D E R

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate confined in the Reno County Correctional Facility in Hutchinson, Kansas. Plaintiff filed a Motion to Proceed Without Prepayment of Fees (Doc. 2) on July 26, 2017. Plaintiff's motion failed to include a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of his Complaint.

On July 26, 2017, the Court entered a Notice of Deficiency (Doc. 3) to Plaintiff ordering him to submit within thirty (30) days the financial information required by federal law to support his Motion for Leave to Proceed without Prepayment of Fees. The Order provides that failure to comply within the prescribed time may result in dismissal of Plaintiff's case without further notice. (Doc. 3.) Plaintiff has failed to supply the missing financial information by the August 25, 2017 deadline set forth in the Court's Order.

The Court mailed the Notice of Deficiency to Plaintiff on July 26, 2017, at his current address of record with the Court. The mail was returned undeliverable, indicating Plaintiff was no longer in custody. (Doc. 4.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice

mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address and failed to file a response to Notice of Deficiency within the allowed time.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to respond to the Notice of Deficiency has passed without a response from Plaintiff. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is **denied** because it is deficient.

**IT IS FURTHER ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated this 29th day of August, 2017, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**